SUMMARY ORDER

Plaintiff-Appellant Zion Tsabbar, pro se, appeals from the December 22, 2006, and March 14, 2007, orders of the United States District Court for the Southern District of New York granting DefendantsAppellees’ motions for summary judgment and denying his motion for reconsideration of that decision. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review an order granting summary judgment de novo to determine whether the district court correctly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See, e.g., Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202-03 (2d Cir.1995).
We conclude, for the reasons stated by the district court, that Tsabbar’s claims brought pursuant to 42 U.S.C. § 1983 fail because there is no genuine issue of material fact warranting trial. See id. Tsabbar alleged that the defendants, New York City Sheriff Lindsay Eason and the 17 East 89th Street Tenants, Inc., (the “Coop”) converted and misappropriated dental equipment belonging to him by preventing him from gaining access to the apartment containing the equipment, but without carrying out an eviction or safeguarding the *682 property as required by the law covering eviction proceedings.
Tsabbar’s claim against the Co-op fails, because the Co-op’s use of state legal processes does not provide adequate grounds for a finding, as required to make out a section 1988 cause of action, that the Co-op acted “under color of state law.” There is no evidence that Sheriff Eason “conspired” with the Co-op in any conversion of Tsabbar’s property that would render the Coop’s actions effectively those of the state. See Dahlberg v. Becker, 748 F.2d 85, 93 (2d Cir.1984). Although not explicitly addressed by the district court, summary judgment in Sheriff Eason’s favor was also appropriate because Tsabbar did not adequately allege any personal involvement on the part of Eason in the deprivation of Tsabbar’s property. Eason also therefore cannot be held liable under Section 1983. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994).
Tsabbar also alleges that the magistrate judge who supervised discovery was biased, and therefore should have recused himself from further participation in this case as evidenced by his denial of requests for additional discovery, and asserts that the summary judgment motion granted by the district court is therefore flawed. A district court would review a magistrate judge’s refusal to recuse him or herself for abuse of discretion and we similarly review the district court’s judgment. See United States v. Morrison, 153 F.3d 34, 48 (2d Cir.1998).
With regard to the magistrate judge’s denial of discovery, a district court, whether or not presided over by a district judge or a magistrate judge, is given “wide discretion in its handling of pre-trial discovery.” In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir.1998) (citation and internal quotation marks omitted). The court may limit discovery upon a determination that “the party seeking discovery already has had ample opportunity to obtain the information” sought. Fed. R.Civ.P. 26(b)(2)(ii). In this case discovery had been underway since August 2005, closed in November 2005, but the period for completion of depositions was extended to January 20, 2006. It was not an abuse of discretion for the court to quash a subpoena for a deposition that Tsabbar had scheduled following the expiration of the discovery period. See id. The action provides no basis for an argument that the magistrate judge was biased.
Our review of the record does not disclose a request by Tsabbar for access to handwriting analysis. Denial of such a claim would, in any event, be well within the magistrate judge’s discretion and would therefore not be grounds for his disqualification.
Tsabbar asserts that the magistrate judge attempted to force a settlement. The only references in the record of which we are aware to any such action are Tsabbar’s comment at an initial hearing before the district judge that he was interested in settlement, the judge’s instruction that Tsabbar should address that issue with the magistrate judge, and a subsequent letter written by Tsabbar, in which he stated that the magistrate judge had informed him of the Co-op’s settlement offer. It should be kept in mind that it is more than appropriate for a magistrate judge to urge settlement or seek to facilitate one. The record does not support a finding that the magistrate judge urged or attempted to force one here, in any event.
Finally, Tsabbar’s cursory allusion to the magistrate judge’s previous relationship with the Co-op’s former attorney does not compel a finding that he was biased and should have disqualified himself. *683 Tsabbar does not make clear why the relationship would require such recusal, and the basis for the demand is hardly self-evident from the record. We note in that regard that the lawyer with whom, according to Tsabbar, the magistrate judge previously worked does not seem to have been involved in representing the Co-op here. In any event, absent circumstances of which we are unaware, it is not apparent why any such representation would have required the magistrate judge’s recusal.
“[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court’s impartiality might reasonably be questioned.” United States v. Pitera, 5 F.3d 624, 626 (2d Cir.1993) (citation and emphasis omitted). We conclude that there is no evidence in the record that would lead a reasonable person to that conclusion. It was not an abuse of discretion for the magistrate judge not to have recused himself or for the district court not to have found that he was required to do so.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.